UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------

EMERSON ELECTRIC CO.,

        Plaintiff,

-against-

CHARLES S. HOLMES and ASSET MANAGEMENT
ASSOCIATES OF NEW YORK, INC.,

        Defendants.

------------------------------------------------------------

2:16-cv-01390-PKC-SIL

**DECLARATION OF
<u>LEONARD F. LESSER</u>**

Leonard F. Lesser, an attorney admitted to practice law before the Courts of the State of New York and this Court, declares the following to be true under penalties of perjury:

1. I am a principal of Simon ▪ Lesser PC, counsel for plaintiff Emerson Electric Co. ("Emerson"), in this matter.

2. I submit this Declaration in support of Emerson's motion for summary judgment against defendants Charles S. Holmes ("Holmes"), and Asset Management Associates of New York, Inc. ("AMA").

3. A true and correct copy of Emerson's Complaint from this action dated March 21, 2016, is attached as Exhibit A.

4. A true and correct copy of Defendant's Answer from this action dated May 24, 2016, is attached as Exhibit B.

5. A true and correct copy of the NYS Department of State Entity Information for Asset Management Associates of New York, Inc., is attached as Exhibit C.

6. A true and correct copy of the Judgment from *Emerson Electric Co. v. Asset Management Associates of New York, Inc.*, No. 08-cv-1489, dated August 13, 2015, is attached as Exhibit D.

7. A true and correct copy of the Judgment from *Asset Management Associates of New York, Inc. v. Emerson Telecommunication Products LLC*, No. 08-cv-2128, dated January 9, 2014, is attached as Exhibit E.

8. A true and correct copy of Emerson's Complaint from *Emerson Electric Co. v. Asset Management Associates of New York, Inc.*, No. 08-cv-1489, dated April 10, 2008, is attached as Exhibit F.

9. A true and correct copy of *Emerson Electric Co. v. Asset Management Associates of New York, Inc.*, No. 08-cv-1489, 2012 U.S. Dist. LEXIS 39442 (E.D.N.Y. Mar. 20, 2012) is attached as Exhibit G.

10. A true and correct copy of *Emerson Electric Co. v. Asset Management Associates of New York, Inc.*, No. 08-cv-1489, 2015 U.S. Dist. LEXIS 98401 (E.D.N.Y. July 28, 2015) is attached as Exhibit H.

11. A true and correct copy of *Asset Management Associates of New York, Inc. v. Emerson Telecommunication Products LLC*, No. 08-cv-2506, 2011 U.S. Dist. LEXIS 9434 (E.D.N.Y. Jan. 25, 2011) is attached as Exhibit I.

12. A true and correct copy of *Asset Management Associates of New York, Inc. v. Emerson Telecommunication Products LLC*, No. 08-cv-2128, 2010 U.S. Dist. LEXIS 143855 (E.D.N.Y. Feb. 10, 2010) is attached as Exhibit J.

13. A true and correct copy of Charles S. Holmes' deposition testimony taken in this action on January 17, 2018 is attached as Exhibit K.

14. A true and correct copy of the Reimbursement Agreement entered into by CSI and AMA on March 5, 2007, and produced by Defendants, is attached as Exhibit L.

15. A true and correct copy of a hearing transcript from *Asset Management Associates of New York, Inc. v. Emerson Telecommunication Products LLC*, No. 08-cv-2506, dated November 7, 2008, is attached as Exhibit M.

16. A true and correct copy of the Order from *Asset Management Associates of New York, Inc. v. Emerson Telecommunication Products LLC*, No. 08-cv-2506, dated September 30, 2009, is attached as Exhibit N.

17. A true and correct copy of *Asset Management Associates of New York, Inc. v. Emerson Telecommunication Products LLC*, 395 Fed. App'x 752 (2d Cir. 2010) is attached as Exhibit O.

18. A true and correct copy of the Arbitration Award from *Asset Management Associates of New York, Inc. v. Emerson Telecommunication Products LLC*, No. 08-cv-2128, dated November 7, 2013, is attached as Exhibit P.

19. A true and correct copy of a letter from myself to the Court from *Asset Management Associates of New York, Inc. v. Emerson Telecommunication Products LLC*, No. 08-cv-2128, dated November 26, 2013, is attached as Exhibit Q.

20. A true and correct copy of the Order affirming Emerson's Motion to Confirm Arbitration Award from *Asset Management Associates of New York, Inc. v. Emerson Telecommunication Products LLC*, No. 08-cv-2128, dated December 17, 2013, is attached as Exhibit R.

21. A true and correct copy of the Assignment of Judgment from Emerson Telecommunication Products LLC to Emerson Electric Co. from *Asset Management Associates*

*of New York, Inc. v. Emerson Telecommunication Products LLC*, No. 08-cv-2128, dated December 21, 2015, is attached as Exhibit S.

22. A true and correct copy of the Clerk's Certificate of Default from this action dated October 25, 2016, is attached as Exhibit T.

23. A true and correct copy of the Declaration of Charles S. Homes from *Emerson Electric Co. v. Asset Management Associates of New York, Inc.*, No. 08-cv-1489, dated November 13, 2009, is attached as Exhibit U.

24. A true and correct copy of a Memorandum regarding Asset Management Associates dated June 21, 2006, is attached as Exhibit V.

25. A true and correct copy of a Proposal for the Financing of The Purchase of the EMR Cable Assembly Business dated August 2006, and produced by Holmes in this litigation as CSH-EEC001642 – 54, is attached as Exhibit W.

26. A true and correct copy of Dennis McCarthy's deposition testimony from *Emerson Electric Co. v. Asset Management Associates of New York, Inc.*, No. 08-cv-1489, taken on October 13, 2009, is attached as Exhibit X.

27. A true and correct copy of Charles S. Holmes' deposition testimony from *Asset Management Associates of New York, Inc. v. Emerson Telecommunication Products LLC*, No. 08-cv-2128, taken on July 31, 2015, is attached as Exhibit Y.

28. A true and correct copy of CSI's 2007, 2008, 2009, and 2010 Form 1120S tax returns produced by Holmes as CSH-EEC002494 – 588, are attached as Exhibit Z.

29. A true and correct copy of the Written Consent of the Sole Director of Asset Management Associates of New York, Inc. dated November 15, 2006, and first produced by Holmes in this litigation on April 5, 2017 as CSH-EEC002179 – 88, is attached as Exhibit AA.

30. A true and correct copy of the Letter from Charles S. Holmes dated November 15, 2006, and produced by Holmes in this litigation as CSH-EEC001526 – 31, is attached as Exhibit BB.

31. A true and correct copy of Charles S. Holmes' deposition testimony from *Emerson Electric Co. v. Asset Management Associates of New York, Inc.*, No. 08-cv-1489, taken on October 7, 2009, is attached as Exhibit CC.

32. A true and correct copy of the Acquisition Agreement between Emerson Telecommunication Products LLC and Asset Management Associates of New York, Inc. dated November 8, 2006 and publicly filed (08-cv-1489 ECF Dkt. No. 40-24), is attached as Exhibit DD.

33. A true and correct copy of Defendant's Legal Billings, produced by Defendants in this litigation as CSH-EEC001909 – 2081, is attached as Exhibit EE.

34. A true and correct copy of Debtor's Objection to Creditors' Motion to Dismiss for Lack of Proper Venue or to Transfer Venue Pursuant to 28 U.S.C. §§ 1408 and 1412 to the Eastern District of New York from *In re Asset Management Associates of New York, Inc.*, Case No. 14-12849, dated March 31, 2014, is attached as Exhibit FF.

35. A true and correct copy of Asset Management Associates of New York, Inc.'s Voluntary Petition from *In re Asset Management Associates of New York, Inc.*, Case No. 14-12849, dated February 19, 2014, is attached as Exhibit GG.

36. A true and correct copy of Invoices from Asset Management Associates of New York, Inc. to Wilcom Inc., are attached as Exhibit HH.

37. A true and correct copy of the NYS Department of State Entity Information for Churchill Investments, LLC, is attached as Exhibit II.

38. A true and correct copy of the Declaration of Frank A. Lazzara and the attached expert report, is attached as Exhibit JJ.

39. A true and correct copy of bank statements for Asset Management Associates of New York, Inc., produced by Holmes, are attached as Exhibit KK.

40. A true and correct copy of the 2008 Form 1120S Tax Return for Asset Management Associates of New York, Inc., produced by Holmes, is attached as Exhibit LL.

41. A true and correct copy of the 2009 Form 1120S Tax Return for Asset Management Associates of New York, Inc., produced by Holmes, is attached as Exhibit MM.

42. A true and correct copy of the 2010 Form 1120S Tax Return for Asset Management Associates of New York, Inc., produced by Holmes, is attached as Exhibit NN.

43. A true and correct copy of the 2011 Form 1120S Tax Return for Asset Management Associates of New York, Inc., produced by Holmes, is attached as Exhibit OO.

44. A true and correct copy of the American Express Statements for Asset Management Associates of New York, Inc., produced by Holmes, is attached as Exhibit PP.

45. A true and correct copy of the Rebuttal Expert Report of James T. Ashe, CPA, CFFA from this action dated February 23, 2018, is attached as Exhibit QQ.

46. A true and correct copy of Sanford Kirschenbaum's deposition testimony taken in this action on April 26, 2017 is attached as Exhibit RR.

47. A true and correct copy of the Demand Promissory Note dated March 25, 2009, produced by Holmes, is attached as Exhibit SS.

48. A true and correct copy of the IRS Audit Report dated June 19, 2013 and produced by Holmes on April 5, 2017 as CSH-EEC001492 – 517, is attached as Exhibit TT.

49. A true and correct copy of the Officer Loans Schedule, produced by Holmes on April 21, 2017 as CSH-EEC002168 – 70, is attached as Exhibit UU.

50. A true and correct copy of the 341 Hearing Transcript from *In re Asset Management Associates of New York, Inc.*, Case No. 14-12849 (Bankr. D.N.J.), dated May 8, 2014, is attached as Exhibit VV.

51. A true and correct copy of Asset Management Associates of New York, Inc.'s Complaint from *Asset Management Associates of New York, Inc. v. Emerson Telecommunication Products LLC*, No. 08-cv-2506, dated June 23, 2008, is attached as Exhibit WW.

52. A true and correct copy of an article from Curbed Hamptons entitled "*What's Going On With The Ballyshear Estate?*" dated June 25, 2012, and an article from the New York Post entitled "*Mike's fore! score*" dated July 20, 2011, are attached as Exhibit XX.

53. A true and correct copy of Emerson's Memorandum of Law in Support of its Motion to Strike (ECF Dkt. No. 38) is attached as Exhibit YY.

54. A true and correct copy of Emerson's Reply Memorandum of Law in Support of its Motion to Strike (ECF Dkt. No. 42) is attached as Exhibit ZZ.

55. A true and correct copy of Holmes' Memorandum of Law in Opposition to Emerson's Motion to Strike (ECF Dkt. No. 41) is attached as Exhibit AAA.

56. A true and correct copy of Defendant's Responses and Objections to Plaintiff's First Set of Interrogatories from this action dated January 27, 2017, is attached as Exhibit BBB.

57. A true and correct copy of Emerson's Pre-Motion Letter to the Court dated June 15, 2017, is attached as Exhibit CCC.

58. A true and correct copy of the Order Dismissing Chapter 7 Case Under Bankruptcy Code §707(A) and Retaining Jurisdiction to Hear and Determine Any Applications

for Sanctions from *In re Asset Management Associates of New York, Inc.*, Case No. 14-41729, dated October 10, 2014, is attached as Exhibit DDD.

59. A true and correct copy of the Transition Services Agreement between Emerson Electric Co. and Asset Management Associates of New York, Inc. dated November 8, 2006 and publicly filed (08-cv-1489 ECF Dkt. No. 40-25), is attached as Exhibit EEE.

60. A true and correct copy of the Letter from Barry M. Kazan in this action dated April 4, 2017, is attached as Exhibit FFF.

61. A true and correct copy of the Second Amendment to Credit and Security Agreement including the Subordination Agreement dated July 12, 2007 and produced by Holmes on April 21, 2017 as CSH-EEC002082 – 142, is attached as Exhibit GGG.

62. A true and correct copy of the Assignment and Assumption Agreement dated November 8, 2006 and publicly filed (08-cv-1489 ECF Dkt. No. 44-4), is attached as Exhibit HHH.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
September 14, 2018

_____
Leonard F. Lesser, Esq.