UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

EMERSON ELECTRIC CO.,

                Plaintiff,

-against-

ASSET MANAGEMENT ASSOCIATES OF NEW YORK, INC. and DIANA GUZIK HOLMES, *as legal successor of Charles S. Holmes*,

                Defendants.

2:16-cv-01390-PKC-SIL

**DECLARATION OF LEONARD F. LESSER IN SUPPORT OF PLAINTIFF EMERSON ELECTRIC CO.'S <u>ATTORNEYS' FEES AWARD</u>**

---

Leonard F. Lesser, an attorney admitted to practice before the Courts of the State of New York and this Court, declares under penalties of perjury that the following is true and correct:

1. I am a principal of Simon▪Lesser PC, attorneys for plaintiff Emerson Electric Co. ("Emerson") in this action.

2. I submit this Affidavit in support of Emerson's application for an award of attorneys' fees, expenses and costs in connection with the prosecution of this judgment enforcement action against defendant Asset Management Associates of New York, Inc. ("AMA") and Diana Guzik Holmes, *as legal successor of Charles S. Holmes* ("Holmes") (collectively, "Defendants").

3. This action arises from AMA's failure to satisfy two (2) judgments issued in Emerson's favor by this Court. *See Emerson Electric Co. v. Asset Management Associates of New York, Inc.*, 08-cv-1489 (E.D.N.Y.)(the "8/13/15 Judgment") and *Asset Management Associates of New York, Inc. v. Emerson Telecommunication Products, LLC*, 08-cv-2128 (E.D.N.Y.)(the "1/9/14 Judgment") (the 8/15/15 Judgment and the 1/9/14 Judgment are collectively referred to as the "Judgments").

1

4. In this action, Emerson sought post-judgment relief, pursuant to Fed. R. Civ. P. 69 and CPLR § 5225(b) to recover from AMA's sole owner and controller, Holmes. ([ECF 109](), Trial Stip. ¶ 12). Emerson asserted fraudulent conveyance claims against Holmes as recipient of conveyances from AMA under former DCL § 273-a and DCL § 276, and also sought alter-ego liability against Holmes, holding him personally liable for the unpaid Judgments.

5. On October 11 and 12, 2022, the Court presided over a bench trial in this matter. On July 28, 2023, the Court issued its Findings of Facts & Conclusions of Law. *See* ([ECF 119](), "7/28/2023 Findings").

6. In relevant part, the Court's 7/28/2023 Findings determined that: "Plaintiff has proven its DCL § 276 claim and thus is entitled to attorney's fees in this matter. Plaintiff shall therefore submit its fee application with all necessary supporting documentation within 30 days of this Order." ([ECF 119](), pg. 3).

7. As described herein, Emerson incurred billable legal fees and expenses amounting to $701,274.02. A true and accurate spreadsheet itemizing all legal fees, expenses and disbursements incurred by Emerson during the period March 21, 2016 through July 31, 2023 in prosecuting its claims against Holmes in this action that Emerson seeks to recover is attached as Exhibit A. The details regarding those charges reflected in the contemporaneous and paid invoices for legals fees and expenses are attached as Exhibit B hereto.

8. Notably, in connection with the 8/13/15 Judgment, the Court awarded Emerson the full $391,762.47 in attorneys' fees and costs sought for that underlying action, thereby recognizing the reasonableness of the rates sought therein, which are in line with the rates sought herein. *See* (08-cv-1489, ECF [71]()) (Emerson's fee application requesting $391,762.47 in

attorneys' fees and costs); (08-cv-1489, ECF 80) (the Court awarding the full amount sought by Emerson).

9. Nonetheless, as may be relevant to the Court's assessment of attorneys' fees, the following is a brief history of the law firm and biographical sketches of the principal attorneys involved in this case on behalf of Emerson.

**Simon▪Lesser PC**

10. The law firm of Simon▪Lesser PC ("SLPC") is a trial and appellate practice boutique established in 1997. SLPC engages in a broad and sophisticated commercial litigation practice, representing businesses and individuals in business disputes arising from commercial transactions, including finance, real estate, securities, bankruptcy, business fraud, fiduciary and professional liability, and copyright and trademark matters, among others.

11. SLPC represents Fortune 500 corporations; national and regional businesses; private equity and venture capital firms; national and regional insurance, banking, and financial service companies; religious, educational and non-profit organizations; as well as business executives, entrepreneurs, and individuals.

12. SLPC's two principal attorneys are former large law firm partners with a long and solid reputation in the legal community for their professionalism and successful handling of complex and diverse trial and appellate matters.

13. During the course of this matter, which has spanned more than seven (7) years, I have been the primary attorney on behalf of Plaintiff. Nathaniel Levy, an associate at the firm, also provided assistance during the trial stage of the case.

**Leonard F. Lesser, Esq.**

14. I was admitted to the Bar of the State of Connecticut in 1991 and New York in 1992. I am also admitted to the bars of the United States District Courts for the Eastern, Northern, Southern and Western Districts of New York, and the United States Court of Appeals for the First, Second and Third Circuits.

15. I have been engaged throughout my thirty (30) year career as a trial and appellate lawyer in both the federal and state courts, with a focus on commercial and corporate litigation, copyright, trademark, trade secret and unfair competition litigation; fraud, fiduciary duty, and business tort claims; partnership, joint venture, shareholder, and LLC member disputes; corporate transaction, post-closing, and busted deal disputes; contract and UCC disputes; banking and financial services litigation; securities litigation; insurance disputes; real estate disputes; and employment litigation. I also prosecute and defend complex toxic tort, product liability, premises liability, personal injury and property damage claims. I am responsible for all phases of litigation, from the inception through discovery, trials and appeals.

16. I am AV-Preeminent® rated by *Martindale-Hubbell,* and have been recognized and selected for inclusion in New York Metro *Super Lawyers*® every year since 2008. I have also been recognized in *Best Lawyers* peer review publication, Global Law Experts, ACQ (Acquisition Finance) Magazine, Corporate Int'l Magazine, and Corporate LiveWire.

17. I have been a principal with SLPC since 2006. Before that, I was a partner of the global law firm, Goodwin Procter LLP, from 2001 through 2006. Before that, I was a partner with the New York City law firm, Schneck Weltman & Hashmall LLP (from 1998 through 2001), where I was previously an associate (1994-1998). Before that, I was an associate with Rivkin Radler LLP (1991-1994).

18. My hourly billing rate during the course of this litigation has been $350.00/hour for the years 2016 through May 2019, and then $400.00/hour from June 2019 to present, which are the reimbursement rates sought herein.

**Nathaniel Levy, Esq.**

19. Nathaniel Levy, Esq. became an associate of SLPC in 2020. Mr. Levy was admitted to the New York State Bar in May 2020, and is also admitted to the bar in the United States District Courts for the Eastern and Southern Districts of New York.

20. Mr. Levy's hourly billing rate is $275.00/hour, which is the rate sought herein.

**Attorneys' Fees and Expenses**

21. Emerson's prosecution of this dispute necessitated the expenditure of substantial time and resources over the course of seven (7) years. As the case progressed, extensive discovery ensued, including the drafting and/or responding to letter motions and applications made by the respective parties to the Court on discovery issues, document review, including the review of years' worth of complex financial documents and tax information from the various related entities that Holmes controlled, and which required the retention of a financial expert for the duration of the case. In addition, there were conferences with the Magistrate Judges and District Judges, numerous exchanges of correspondence among respective counsel by way of letters and e-mails, many telephone calls between and among counsel, the drafting of papers to strike affirmative defenses, in support of Emerson's motion for summary judgment, objections to the Magistrate Judge's Report and Recommendations and in opposition to defendant's objections, motion for leave to amend, and reconsideration of the Court's Order adopting in part the Report and Recommendations of the Magistrate Judge, and the preparation for and

5

appearance at trial, post-trial briefing, and all related activities generated during the course of this vigorously prosecuted and defended litigation.

22. The contemporaneous invoices issued to Emerson attached as Exhibit B describe the services rendered on each pertinent date, the attorney or staff member involved, the hours worked, the billing rate, any expenses incurred, and the total billable amount. In addition to Mr. Lesser and Mr. Levy, there were occasional services rendered by other attorneys or staff members whose initials appear on the contemporaneous billing ledger. These include former associates of the firm, Siobhain Minarovich, Esq., Samuel Taterka, Esq., and Jessica Kagansky, Esq. ($225.00/hour each), and Benjamin Baker, Esq. and Meghan Hallinan, Esq. ($275.00/hour each)(Mr. Baker was initially billed at $225/hour).

23. Considering the extent of activity in this litigation, induced by AMA's obstinate refusal to honor prior Judgments, and the complexity of the financial issues involved with the interplay between Holmes' various entities that he controlled and dominated, the amount of time expended by Emerson's counsel was reasonable and unavoidable. Further, in light of the substantial experience and background of the attorneys involved in this matter, and the solid reputation and experience of the firm providing the backbone to Emerson's claims, the billing rates were reasonable.

24. In sum, the amount of billable attorney time expended on behalf of Emerson in litigating this dispute from inception through trial that Emerson seeks to recover in this fee application is $425,992.50 based on the pertinent hourly rates. In addition the total amount of litigation expenses incurred by Emerson in litigating this dispute from inception through trial that Emerson seeks to recover in this fee application is $275,281.52, which includes court costs,

deposition transcripts, trial transcripts, expert witness fees and expenses, copying, binding and document production costs, and limited travel expenses incurred in out-of-state depositions.

25. All of these fees and expenses were incurred in connection with Emerson's DCL § 276 intentional fraudulent conveyance claim as the foundation of that claim, namely, the badges of fraud, were the same foundation for Emerson's alter ego claim, and several of those facts were the predicate for Emerson's DCL § 273-a claim.

**WHEREFORE,** for the reasons set forth herein and the accompanying Memorandum of Law, it is respectfully requested that plaintiff Emerson Electric Co.'s fee application be granted and Emerson awarded attorneys' fees totaling $425,992.50, and $275,281.52 in billable costs, expenses and disbursements, for a total amount of $701,274.02. Emerson also respectfully requests such other and further relief this Court finds just and proper.

Dated: New York, New York
August 28, 2023

*Leonard F. Lesser*
Leonard F. Lesser, Esq.