UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

EMERSON ELECTRIC CO.,

                Plaintiff,

-against-

ASSET MANAGEMENT ASSOCIATES OF NEW YORK, INC.; and DIANA GUZIK HOLMES, *as legal successor of Charles S. Holmes*

                Defendants.

2:16-cv-01390-PKC-SIL

---

# PLAINTIFF'S MEMORANDUM OF LAW
# IN SUPPORT OF ITS APPLICATION FOR ATTORNEYS' FEES

SIMON▪LESSER PC
100 Park Avenue, 16th Floor
New York, New York 10017
212.599.5455

*Attorneys for Plaintiff Emerson Electric Co.*

# TABLE OF CONTENTS

**INTRODUCTION**..................................................................................................... 1

**ARGUMENT**........................................................................................................... 2

**CONCLUSION** ....................................................................................................... 7

# TABLE OF AUTHORITIES

**Federal Cases** **Page(s)**

*Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany and Albany County Board of Elections*,
   522 F.3d 182 (2d Cir. 2008) ...................................................................................................2

*Blum v. Stenson*,
   465 U.S. 886 (1984) ................................................................................................................3

*Broadcast Music, Inc. v. R Bar of Manhattan, Inc.*,
   919 F. Supp. 656 (S.D.N.Y. 1996) ..........................................................................................5

*Clarke v. Frank*,
   960 F.2d 1146 (2d Cir.1992) ...................................................................................................3

*Dowdell v. Imhof*,
   No. 10–CV–1332 (SJF)(ARL),
   2012 U.S. Dist. LEXIS 38637 (E.D.N.Y. Mar. 19, 2012) .......................................................4

*Ferrara v. All Am. Trucking Servs.*,
   Index No. CV 11-1157 (ADS)(AKT),
   2012 U.S. Dist. LEXIS 43260 (E.D.N.Y. Feb. 17, 2012) ................................................... 2-3

*Fox Indus., Inc. v. Gurovich*,
   Index No. CV 03-5166 (TCP)(WDW),
   2005 U.S. Dist. LEXIS 42232 (E.D.N.Y. Sept. 21, 2005) .......................................................3

*Janus v. Regalis Const., Inc.*,
   No. 11–CV–5788 (ARR)(VVP),
   2012 U.S. Dist. LEXIS 127008 (E.D.N.Y. July 23, 2012) ......................................................4

*Manzo v. Sovereign Motor Cars, Ltd.*,
   Index No. 08-CV-1229 (JG)(SMG),
   2010 U.S. Dist. LEXIS 46036 (E.D.N.Y. May 11, 2010) .......................................................2

*McDaniel v. Cnty. of Schenectady*,
   595 F.3d 411 (2d Cir. 2010) ....................................................................................................2

*Melnick v. Press*,
   No. 06-CV-6686,
   2009 U.S. Dist. LEXIS 77609 (E.D.N.Y. Aug. 28, 2009) .......................................................4

*New York State Ass'n for Retarded Children, Inc. v. Carey*,
   711 F.2d 1136 (2d Cir. 1983) ..................................................................................................5

*Simmons v. New York City Transit Auth.*,
   575 F.3d 170 (2d Cir. 2009) ................................................................................................2, 3

Plaintiff Emerson Electric Co. ("Emerson") respectfully submits this Memorandum of Law in support of its application for an award of attorneys' fees and costs in connection with the prosecution of this post-judgment enforcement action against defendants Asset Management Associates of New York, Inc. ("AMA") and Diana Guzik Holmes, *as legal successor of Charles S. Holmes* ("Holmes") (collectively, "Defendants").

## INTRODUCTION

This action arises from AMA's failure to satisfy two (2) judgments issued in Emerson's favor by this Court. *See Emerson Electric Co. v. Asset Management Associates of New York, Inc.*, 08-cv-1489 (E.D.N.Y.)(the "8/13/15 Judgment") and *Asset Management Associates of New York, Inc. v. Emerson Telecommunication Products, LLC*, 08-cv-2128 (E.D.N.Y.)(the "1/9/14 Judgment") (the 8/15/15 Judgment and the 1/9/14 Judgment are collectively referred to as the "Judgments").

In this action, Emerson sought post-judgment relief, pursuant to Fed. R. Civ. P. 69 and CPLR § 5225(b) to recover from AMA's sole owner and controller, Holmes. (ECF 109, Trial Stip. ¶ 12). Emerson asserted fraudulent conveyance claims against Holmes as recipient of conveyances from AMA under former DCL § 276 and 273-a, and also sought alter-ego liability against Holmes, holding him personally liable for the unpaid Judgments.

On October 11 and 12, 2022, the Court presided over a bench trial in this matter. On July 28, 2023, the Court issued its Findings of Facts & Conclusions of Law. *See* (ECF 119, "7/28/2023 Findings").

In relevant part, the Court's 7/28/2023 Findings determined that: "Plaintiff has proven its DCL § 276 claim and thus is entitled to attorney's fees in this matter. Plaintiff shall therefore

1

submit its fee application with all necessary supporting documentation within 30 days of this Order." (ECF 119, pg. 3).

For the reasons set forth below, and in the accompanying Declaration of Leonard F. Lesser, Esq., dated August 28, 2023 ("Lesser Decl."), Emerson respectfully submits that it should be awarded incurred billable legal fees and expenses amounting to $701,274.02, comprised of $425,992.50 in legal fees, and $275,281.52 for expenses and disbursements.

## ARGUMENT

In *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany and Albany County Board of Elections,* 522 F.3d 182, 183-84 (2d Cir. 2008), the Second Circuit "'abandon[ed]' the 'lodestar' approach to awarding attorney's fees," *Simmons v. New York City Transit Auth.,* 575 F.3d 170, 175 (2d Cir. 2009), and held that when assessing whether claimed legal costs are reasonable, the Court determines the "presumptively reasonable fee" for an attorney's services by looking to what a reasonable client would be willing to pay. *Id.* at 172 (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d at 190) (emphasis in original); *see also McDaniel v. County of Schenectady*, 595 F.3d 411, 420 (2d Cir. 2010)(a presumptively reasonable fee approximates what "a competitive market would bear"); *Manzo v. Sovereign Motor Cars, Ltd.*, Index No. 08-CV-1229 (JG)(SMG), 2010 U.S. Dist. LEXIS 46036, at *26 (E.D.N.Y. May 11, 2010)(a presumptively reasonable fee "boils down to what a reasonable, paying client would be willing to pay") (quoting *Simmons*, 575 F.3d at 174).

Reasonable hourly rates are informed in part by the rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Ferrara v. All Am. Trucking Servs., Inc.*, Index No. CV 11-1157 (ADS)(AKT), 2012 U.S. Dist.

2

LEXIS 43260, at *20 (E.D.N.Y. Feb. 17, 2012) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). District courts have broad discretion, using "their experience with the case, as well as their experience with the practice of law, to assess the reasonableness" of each component of a fee award. *Fox Indus., Inc. v. Gurovich*, Index No. CV 03-5166 (TCP)(WDW), 2005 U.S. Dist. LEXIS 42232, at *5 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir.1992)).

To "inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. at 896 n. 11. Indeed, the Second Circuit has held that in calculating the presumptively reasonable fee, "courts 'should generally use the hourly rates employed in the district in which the reviewing court sits.'" *Simmons v. New York City Transit Auth.,* 575 F.3d at 174 (holding that when awarding attorney's fees, there is a presumption in favor of relying on the rates where the case is litigated, not where the attorneys are located).

Here, Emerson was represented by attorneys from the law firm Simon▪Lesser PC, a boutique firm that specializes in business litigation. (Lesser Decl. ¶¶ 10–11). Leonard F. Lesser, Esq. was the primary attorney on behalf of Emerson, and Nathaniel Levy, Esq., an associate of the firm, provided assistance in the trial stage of the case. (*Id.* at ¶¶ 12-13). Mr. Lesser's hourly billing rate during the course of this matter was initially $350.00-$400/hour, and Mr. Levy's hourly rate was $275.00/hour, which are the rates sought herein. (*Id.* at ¶¶ 18, 20).

In addition to Mr. Lesser and Mr. Levy, there were occasional services rendered by other attorneys or staff members whose initials appear on the contemporaneous billing ledger. These

include former associates of the firm, Siobhain Minarovich, Esq., Samuel Taterka, Esq., and Jessica Kagansky, Esq. ($225.00/hour each), and Benjamin Baker, Esq. and Meghan Hallinan, Esq. ($275.00/hour each)(Mr. Baker was initially billed at $225/hour).  (*Id.* ¶ 22).

These rates fall into the acceptable range compared to other rates that have been approved by the Eastern District of New York.  *See Janus v. Regalis Const., Inc.,* No. 11–CV–5788 (ARR)(VVP), 2012 U.S. Dist. LEXIS 127008, at *38 (E.D.N.Y. July 23, 2012)(observing courts in the Eastern District of New York "typically find that prevailing rates for law firm partners range between $300 and $400"); *Dowdell v. Imhof,* No. 10–CV–1332 (SJF)(ARL), 2012 U.S. Dist. LEXIS 38637, at *6-9 (E.D.N.Y. Mar. 19, 2012)(observing courts in the Eastern District of New York have found hourly rates between $200 and $375 to be reasonable for partner-level attorneys, rates between $100 and $295 to be reasonable for associate-level attorneys, and rates between $70 and $80 to be reasonable for legal assistants, paralegals and interns, and awarding an hourly rate of $375 for attorney practicing for 25 years or longer, and hourly rate of $350 for an attorney practicing close to 20 years given their level of experience); *Melnick v. Press,* No. 06-CV-6686, 2009 U.S. Dist. LEXIS 77609, at *32 (E.D.N.Y. Aug. 28, 2009)(holding that rates in the Eastern District vary from $200 to $375 per hour for partners and $100 to $295 per hour for associates).

In fact, in connection with the 8/13/15 Judgment, the Court awarded Emerson the full $391,762.47 in attorneys' fees and costs sought for the action, thereby recognizing the reasonableness of the rates sought therein, which are in line with the rates sought herein. (Lesser Aff. ¶ 8).

The second component in the fee award analysis involves assessing the reasonableness of the time expended.  In the Second Circuit, contemporaneous time records specifying relevant

4

dates, time spent and work done must be produced in fee applications. *See New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)(attorneys applying to a court for fees "must document the application with contemporaneous time records. These records should specify, for each attorney, the date, the hours expended, and the nature of the work done."); *Broadcast Music, Inc. v. R Bar of Manhattan, Inc.*, 919 F. Supp. 656, 661 (S.D.N.Y. 1996)(same).

Here, the Declaration of Leonard F. Lesser, Esq. details the attorneys' fees and expenses Emerson incurred in the matter and attaches contemporaneous time records. The contemporaneous time records (Lesser Aff. Ex. B) describe the services rendered on each pertinent date, the attorney or staff member involved, the hours worked, the billing rate, any expenses incurred, and the total billable amount. (*Id.*)

The contemporaneous time records reflect that Emerson's prosecution of this dispute necessitated the expenditure of substantial time and resources over the course of seven (7) years. As the case progressed, extensive discovery ensued, including the drafting and/or responding to letter motions and applications made by the respective parties to the Court on discovery issues, document review, including the review of years' worth of complex financial documents and tax information from the various related entities that Holmes controlled, and which required the retention of a financial expert for the duration of the case. In addition, there were conferences with the Magistrate Judges and District Judges, numerous exchanges of correspondence among respective counsel by way of letters and e-mails, many telephone calls between and among counsel, the drafting of papers to strike affirmative defenses, in support of Emerson's motion for summary judgment, objections to the Magistrate Judge's Report and Recommendations and in opposition to defendant's objections, motion for leave to amend, and reconsideration of the

Court's Order adopting in part the Report and Recommendations of the Magistrate Judge, and the preparation for and appearance at trial, post-trial briefing, and all related activities generated during the course of this vigorously prosecuted and defended litigation. (Lesser Aff. ¶ 21).

Considering the extent of activity in this litigation, induced by AMA's obstinate refusal to honor prior Judgments, and the complexity of the financial issues involved with the interplay between Holmes' various entities that he controlled and dominated, the amount of time expended by Emerson's counsel was reasonable and unavoidable. Further, in light of the substantial experience and background of the attorneys involved in this matter, and the solid reputation and experience of the firm providing the backbone to Emerson's claims, the billing rates were reasonable. (*Id.* ¶ 23).

In sum, the amount of billable attorney time expended on behalf of Emerson in litigating this dispute from inception through trial that Emerson seeks to recover in this fee application is $425,992.50 based on the pertinent hourly rates. In addition the total amount of litigation expenses incurred by Emerson in litigating this dispute from inception through trial that Emerson seeks to recover in this fee application is $275,281.52, which includes court costs, deposition transcripts, trial transcripts, expert witness fees and expenses, copying, binding and document production costs, and limited travel expenses incurred in out-of-state depositions.

All of these fees and expenses were incurred in connection with Emerson's DCL § 276 intentional fraudulent conveyance claim as the foundation of that claim, namely, the badges of fraud, were the same foundation for Emerson's alter ego claim, and several of those facts were the predicate for Emerson's DCL § 273-a claim.

## CONCLUSION

**WHEREFORE,** for the reasons set forth herein and the accompanying Declaration of Leonard F. Lesser, Esq., it is respectfully requested that plaintiff Emerson Electric Co.'s fee application be granted and Emerson awarded attorneys' fees totaling $425,992.50, and $275,281.52 in billable costs, expenses and disbursements, for a total amount of $701,274.02. Emerson also respectfully requests such other and further relief this Court finds just and proper.

Dated: New York, New York
       August 28, 2023

Respectfully submitted,

SIMON▪LESSER PC

By:___*Leonard F. Lesser*_____
    Leonard F. Lesser, Esq.
    Nathaniel Levy, Esq.
100 Park Avenue, 16th Floor
New York, New York 10017
212.599.5455
*Attorneys for plaintiff Emerson Electric Co.*