UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
EMERSON ELECTRIC CO.,

                    Plaintiff,

        - against -

ASSET MANAGEMENT ASSOCIATES OF
NEW YORK, INC.; and DIANA GUZIK
HOLMES, *as legal successor of Charles S. Holmes*,

                    Defendants.
------------------------------------------------------x

**MEMORANDUM & ORDER**
16-CV-1390 (PKC) (SIL)

PAMELA K. CHEN, United States District Judge:

        Plaintiff Emerson Electric Co. ("Plaintiff" or "Emerson") initiated this action on March 21, 2016, seeking post-judgment relief from Defendants Charles S. Holmes ("Holmes") and Asset Management Associates of New York, Inc. ("AMA") based on two judgments that had previously been issued in Emerson's favor in two other cases. (*See* Compl., Dkt. 1 ("Compl.")); *see also* Judgment, *Emerson Electric Co. v. Asset Mgmt. Assocs. of N.Y., Inc.*, No. 08-CV-1489 (DRH) (AYS) (E.D.N.Y. Aug. 13, 2015), Dkt. 82 ("8/13/15 Judgment"); Judgment, *Asset Mgmt. Assocs. of N.Y., Inc. v. Emerson Telecomm. Prods.*, No. 08-CV-2128 (TCP) (AKT) (E.D.N.Y. Jan. 9, 2014), Dkt. 52 ("1/9/14 Judgment"). Following a bench trial held from October 11 to October 12, 2022 in the instant case (*see* 10/11/2022 Min. Entry; 10/12/2022 Min. Entry), this Court found that Plaintiff had proven all of its claims. *See Emerson Elec. Co. v. Asset Mgmt. Assocs. of N.Y., Inc.*, No. 16-CV-1390 (PKC) (SIL), 2023 WL 4850528, at *2–3 (E.D.N.Y. July 28, 2023), Dkt. 119.

        Presently before the Court is Plaintiff's motion for attorneys' fees and costs pursuant to New York State Debtor and Creditor Law ("DCL") § 276. (*See generally* Pl.'s Mem. of Law in Supp. of App. for Att'ys' Fees, Dkt. 122 ("Pl.'s Br.").) Plaintiff requests an award of $425,992.50

in attorneys' fees and $275,281.52 in costs.  (*See id.* at 2.)  Defendants have not responded to Plaintiff's motion.  (*See* 9/13/2023 Docket Order.)  For the reasons set forth below, the Court awards Plaintiff $416,926.80 in attorneys' fees and $249,866.21 in costs.

## BACKGROUND[1]

Plaintiff filed the present action after AMA failed to satisfy two judgments issued in Emerson's favor.  (*See* Compl. ¶¶ 13–48; Decl. of Leonard F. Lesser, Dkt. 121 ("Lesser Decl."), ¶ 3.)  Plaintiff alleged that "[d]uring the many years of litigation in this Court that resulted in the unpaid Judgments, Holmes[, AMA's president, sole owner, and sole insider,] methodically stripped AMA of its assets . . . for the purpose of avoiding collection on the [j]udgments."  (Am. Compl., Dkt. 85 ("Am. Compl."), ¶¶ 4–5.)  Plaintiff asked that the fraudulent conveyances made by AMA to Holmes during and after the lawsuits that resulted in the underlying judgments be voided pursuant to DCL §§ 273-a and 276.  (*Id.* ¶¶ 146, 168.)  Plaintiff also sought to pierce AMA's corporate veil to hold Holmes liable for the unpaid judgments.  (*Id.* ¶¶ 49–129.)

On October 11 and 12, 2022, the Court presided over a bench trial in this matter.  (*See* 10/11/2022 Min. Entry; 10/12/2022 Min. Entry.)  Then, on March 28, 2023, Defendant Holmes unfortunately passed away.  (*See* Dkts. 114, 115-2.)  Subsequently, Plaintiff moved to substitute Diana G. Holmes, Holmes's wife and the executor of his estate, as a proper party to this action. (Dkts. 115, 116.)  On June 16, 2023, the Court ordered Diana G. Holmes to be substituted as a "legal successor of Charles S. Holmes."  (6/16/2023 Docket Order.)

On July 28, 2023, the Court issued its Findings of Fact & Conclusions of Law *nunc pro tunc*, to be entered as of October 31, 2022.  *Emerson Elec. Co.*, 2023 WL 4850528, at *2.  The

---

[1] The facts and procedural background of this case have been set forth in detail previously in this litigation.  *See generally Emerson Elec. Co.*, 2023 WL 4850528, at *2–3.  The Court will recount only those facts necessary to resolve the instant motion for attorneys' fees and costs.

2

Court found that Plaintiff had proven all of its claims by a preponderance of the evidence. *Id.* at *2. Most relevant to the present motion, the Court found that Plaintiff had proven its DCL § 276 claim and was entitled to attorneys' fees. *Id.* at *2, 7–8, 17. The Court directed Plaintiff to submit a fee application with all necessary supporting documentation within thirty days. *Id.* at *2.

Plaintiff filed the present motion on August 28, 2023. (*See* Dkts. 121, 122.) Thereafter, the Court issued an order permitting Defendants to file an opposition by September 12, 2023. (*See* 8/29/2023 Docket Order.) No opposition was filed, and on September 13, 2023, the Court deemed Plaintiff's motion to be unopposed and fully briefed. (*See* 9/13/2023 Docket Order.) Subsequently, on February 20, 2024, the Court directed Plaintiff to file additional documentation in support of its motion. (*See* 2/20/2024 Docket Order.) Plaintiff submitted the requested documentation on April 13, 2024. (*See* Dkt. 125.)

## LEGAL STANDARD

DCL § 276 authorizes courts to award reasonable attorneys' fees to a prevailing plaintiff who establishes actual intent to defraud. N.Y. Debt. & Cred. § 276-a; *see also In re Palermo*, No. 08-CV-7421 (RPP), 2011 WL 3874866, at *17 (S.D.N.Y. Sept. 2, 2011) ("If actual intent to defraud is established, 'Section 276-a expressly mandates that the [c]ourt shall fix the reasonable attorneys' fees of the creditor [and that] the creditor shall have judgment therefor against the debtor and the transferee.'" (quoting *In re Kovler*, 249 B.R. 238, 245 (Bankr. S.D.N.Y. 2000))), *aff'd*, 549 F. App'x 38 (2d Cir. 2014) (summary order).

In the Second Circuit, the lodestar, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case," is the starting point for determining a "presumptively reasonable fee." *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). District courts have

broad discretion, using "their experience with the case, as well as their experience with the practice of law, to assess the reasonableness" of each component of a fee award. *Fox Indus., Inc. v. Gurovich*, No. 03-CV-5166 (TCP) (WDW), 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)); *see also Lilly v. City of New York*, 934 F.3d 222, 234 (2d Cir. 2019) (explaining that "district courts [are afforded] broad discretion in awarding attorneys' fees because they are much closer to the details of each individual case and can better determine what is reasonable and appropriate in the fee calculus for the particular case"). Reasonable hourly rates are informed in part by the rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997) (internal quotation marks omitted). A district court should "bear in mind *all* of the case-specific variables that [the court] and other courts have identified as relevant to the reasonableness of [attorneys'] fees in setting a reasonable hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008) [hereinafter *Arbor Hill*]. A presumptively reasonable fee "boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (citations and internal quotation marks omitted).

The fee applicant "bears the burden of demonstrating the hours expended and the nature of the work performed through contemporaneous time records that describe with specificity the nature of the work done, the hours, and the dates." *Fundora v. 87-10 51st Ave. Owners Corp.*, No. 13-CV-738 (JO), 2015 WL 729736, at *1 (E.D.N.Y. Feb. 19, 2015); *see also Ehrlich v. Royal Oak Fin. Servs., Inc.*, No. 12-CV-3551 (BMC), 2012 WL 5438942, at *3 (E.D.N.Y. Nov. 7, 2012) ("The burden is on the party moving for [attorneys'] fees to justify the hourly rate sought.").

4

"[T]he district court should exclude excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433–35, 440 (1983)).

## DISCUSSION

As noted, the Court previously found that Plaintiff is entitled to reasonable attorneys' fees pursuant to DCL § 276. *See Emerson Elec. Co.*, 2023 WL 4850528, at *2, 7–8, 17. Plaintiff requests $701,274.02, comprised of $425,992.50 in attorneys' fees paid to its counsel, Simon Lesser PC ("Simon Lesser"), and $275,281.52 in costs. (Lesser Decl. ¶¶ 7, 24.) In support of its request, Plaintiff has submitted billing records documenting the billable work performed by Simon Lesser attorneys over the course of this litigation, which has spanned more than seven years. (*See generally* Dkts. 121-1, 121-2.) Additionally, Leonard F. Lesser ("Lesser"), a principal of Simon Lesser and Plaintiff's primary attorney, has submitted a declaration providing information regarding the firm's qualifications and the applicable billing rates for each of the attorneys whose work was billed to Emerson in connection with the litigation. (*See generally* Lesser Decl.) Finally, Plaintiff has submitted invoices and/or receipts for all litigation costs for which Plaintiff seeks reimbursement. (*See* Dkts. 125, 125-1.)

I.     **Attorneys' Fees**

    A.     **Reasonableness of Simon Lesser's Hourly Rates**

"A reasonable hourly rate is 'the rate a paying client would be willing to pay,' 'bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.'" *McLaughlin v. IDT Energy*, No. 14-CV-4107 (ENV) (RML), 2018 WL 3642627, at *16 (E.D.N.Y. July 30, 2018) (quoting *Arbor Hill*, 522 F.3d at 190). Relevant factors include, "the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, and the experience, reputation and ability of the attorney." *Bodon v. Domino's Pizza, LLC*, No.

5

09-CV-2941 (SLT) (RLM), 2015 WL 3889577, at *7 (E.D.N.Y. June 4, 2015) (citing *Arbor Hill*, 522 F.3d at 186 n.3, 190). "In assessing the hourly rate, courts typically consider rates awarded in the district in which the reviewing court sits, pursuant to what is known as the 'forum rule.'" *Id.* (quoting *Simmons*, 575 F.3d at 174–75).

The Court finds that the rates requested by Simon Lesser are reasonable in light of the circumstances of this case. At the top end, Lesser, who, as noted, is a principal of Simon Lesser and served as Plaintiff's primary attorney, charged $350 per hour for work between 2016 and May 2019 and $400 per hour for work performed from June 2019 to present. (Lesser Decl. ¶¶ 1, 13, 18.) Lesser has more than 30 years of experience as a trial and appellate lawyer in state and federal courts, focusing on, *inter alia*, commercial and corporate litigation; copyright, trademark, trade secret, and unfair competition litigation; fraud, fiduciary duty, and business tort claims; partnership, joint venture, shareholder, and LLC disputes; and real estate disputes. (*Id.* ¶ 15.) Simon Lesser charged lower rates—ranging from $225 per hour to $275 per hour—for work performed by various associates, including Nathaniel Levy, Meghan Hallinan, Benjamin Baker, Siobhain Minarovich, and Samuel Taterka. (*See* Pl.'s Br. at 3–4; *see also* Dkt. 125-2.) These rates reasonably correspond to each attorney's level of experience and fall within the range of generally acceptable rates that have been approved by courts in this District. *See Konits v. Karahalis*, 409 F. App'x 418, 422–23 (2d Cir. 2011) (summary order) (affirming award of attorneys' fees and collecting cases from the Eastern District of New York finding that prevailing rates for experienced attorneys range from $300 to $400 per hour); *Perrone v. Amato*, No. 09-CV-316 (SIL), 2022 WL 595187, at *3 (E.D.N.Y. Feb. 27, 2022) ("Hourly rates in the Eastern District of New York generally range from $300.00 to $450.00 for partner-level attorneys, and $200.00 to $325.00 for those with less experience."). Moreover, courts in this District have approved similar rates

6

specifically in the context of DCL § 276 litigation. *E.g.*, *Perrone*, 2022 WL 595187, at *3 (finding rates of $250 and $350 per hour to be reasonable in the context of DCL § 276 case); *see also, e.g.*, *In re Palermo*, 2011 WL 3874866, at *20 (finding rates ranging from $110 per hour for paralegals to $525 per hour for firm officers reasonable in application for fees pursuant to DCL § 276).[2]

The results achieved by Simon Lesser and the nature and length of Simon Lesser's relationship with Emerson reinforce the reasonableness of the rates requested. *See Avis Budget Car Rental, Inc. v. JD2 Env't, Inc.*, No. 12-CV-5010 (PKC) (ST), 2018 WL 1175709, at *4 (E.D.N.Y. Mar. 6, 2018) (explaining that, in determining whether an application for costs and fees is reasonable, the district court should consider, among other things, "the time and labor required," "the results obtained," and "the nature and length of the professional relationship with the client" (quoting *Incredible Foods Grp., LLC v. Unifoods, S.A. De C.V.*, No. 14-CV-5207 (KAM) (JO), 2016 WL 4179943, at *2 n.2 (E.D.N.Y. Aug. 5, 2016))). Not only did this Court find that Plaintiff proved all of its claims, *see generally Emerson Elec. Co.*, 2023 WL 4850528, but Lesser also served as lead attorney on the two earlier cases that resulted in the judgments Emerson sought to enforce, both of which were filed in 2008, *see Emerson Electric Co.*, No. 08-CV-1489 (DRH) (AYS) (E.D.N.Y.); *Asset Mgmt. Assocs. of N.Y., Inc.*, No. 08-CV-2128 (TCP) (AKT) (E.D.N.Y.). These factors reinforce the reasonableness of the award sought. *Avis Budget Car Rental, Inc.*, 2018 WL 1175709, at *6 (finding that results achieved by attorneys—"a full recovery of all

---

[2] As Plaintiff notes, the rates requested are also in line with those approved as reasonable in connection with the 8/15/15 Judgment. (*See* Pl.'s Br. at 4; Lesser Decl. ¶ 8); *see also* Order, *Emerson Electric Co.*, No. 08-CV-1489 (E.D.N.Y. Mar. 14, 2014), Dkt. 73, at 3.

7

damages sought by [their client]"—reinforced reasonableness of an award of $826,915.47 for work performed over the course of five-year litigation).

As such, the Court finds that the rates charged by Simon Lesser were reasonable.

**B.      Reasonableness of Hours Expended**

In determining whether the number of hours worked is reasonable, "a district court should 'examine[] the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case[.]'" *Chaparro v. John Varvatos Enters., Inc.*, No. 21-446-CV, 2021 WL 5121140, at *2 (2d Cir. Nov. 4, 2021) (summary order) (quoting *Luciano*, 109 F.3d at 116). "Where, as is the case here, 'the billing records are voluminous, it is less important that judges attain exactitude, than that they use their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent.'" *E.S. v. Katonah-Lewisboro Sch. Dist.*, 796 F. Supp. 2d 421, 431 (S.D.N.Y. 2011) (citation omitted). "In dealing with hours that are 'excessive, redundant, or otherwise unnecessary, . . . the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application.'" *Chaparro*, 2021 WL 5121140, at *2 (citation omitted). "Courts can also exclude hours spent on 'clerical or other work not compensable at an attorney's rate, such as copying, mailing, and uploading documents to [the] Court's Electronic Case Filing system.'" *Frederic v. Commonwealth Fin. Sys., Inc.*, No. 15-CV-3811 (PKC), 2016 WL 1383488, at *4 (E.D.N.Y. Apr. 7, 2016) (quoting *Baruch v. Healthcare Receivable Mgmt., Inc.*, No. 05-CV-5392 (CPS) (JMA), 2007 WL 3232090, at *5 (E.D.N.Y. Oct. 30, 2007)).

Plaintiff seeks to recover for 1,277.5 hours of work performed between March 2016 and July 2023. (*See generally* Dkt. 125-2.) Lesser accounts for the lion's share of the work performed, billing approximately 897 hours over seven years. (*Id.*) The Court finds that a modest reduction is warranted due to the partner-heavy staffing of the case and the misappropriation of certain

associate-level tasks to Lesser. *See Resnik v. Coulson*, No. 17-CV-676 (PKC) (SMG), 2020 WL 5802362, at *9 (E.D.N.Y. Sept. 28, 2020) (finding that "the general partner-heavy staffing of the case, and the misappropriation of associate-level discovery and document review work to partners, warrant[ed] a reduction in the hours awarded"). For example, the following tasks could have been delegated to Simon Lesser associates: (1) preparing and reviewing discovery disclosures (*see, e.g.*, 10/21/2016 and 4/17/2017 Entries, Dkt. 125-2, at ECF[3] 1, 4); (2) document review (*see, e.g.*, 12/8/2016, 12/19/2016, and 1/11/2017 Entries, *id.* at ECF 1–2); (3) drafting discovery responses (1/3/2017, 1/6/2017, 1/24/2017, and 1/26/2017 Entries, *id.* at ECF 2); (4) preparing and organizing exhibits (1/16/2018, 8/14/2018, and 6/16/2023 Entries, *id.* at ECF 10–11, 24); and (5) filing documents on ECF (1/11/2019, 11/1/2019, 11/27/2019, 2/14/2020, 8/25/2020, 8/31/2020, and 8/15/2022 Entries, *id.* at ECF 14, 16–20).[4] *See, e.g.*, *Resnik*, 2020 WL 5802362, at *9 (reducing fee award where partners billed time for work that could have been delegated to associates, such as preparing and reviewing discovery disclosures and document review); *Frederic*, 2016 WL 1383488, at *4 (reducing fee award where attorney billed time for clerical tasks, such as

---

[3] The Court notes that "ECF" refers to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[4] Lesser's occasional use of "block-billing" impedes the Court's ability to determine precisely how much time he spent on such tasks. (*See, e.g.*, 10/21/2016 Entry, *id.* at ECF 1 (recording 2.2 hours of work for "[p]repar[ing], edit[ing,] and fil[ing] Initial Disclosures; prepar[ing] Certificate of Default for AMA; review[ing] Holmes Initial Disclosures"); 1/3/2017 Entry, *id.* at ECF 2 (recording 3.4 hours of work for "[c]orrespondence from Holmes' counsel re: discovery responses; draft[ing] written discovery responses; review[ing] materials from prior actions in response to discovery demands").) *See Nimkoff v. Drabinsky*, No. 17-CV-4458 (PKC) (RLM), 2020 WL 3806146, at *10 (E.D.N.Y. June 9, 2020) (explaining that block-billing can make it difficult for a court "to determine if the reported hours are duplicative or unnecessary" and may warrant a reduction in hours), *R. & R. adopted*, 2020 WL 3804458 (E.D.N.Y. July 7, 2020). Here, the use of block-billing does not itself warrant a reduction to Plaintiff's award, but it informs the Court's decision to apply a percentage reduction to Lesser's hours, as opposed to subtracting the time he spent on specific tasks. *See infra*.

electronically filing submissions). Accordingly, the Court applies a 2% reduction[5] to the fees requested by Lesser. *See Jones v. Pawar Bros. Corp.*, No. 17-CV-3018 (PKC) (SJB), 2023 WL 6214213, at *10 (E.D.N.Y. Sept. 25, 2023) ("Where counsel seeks compensation for time spent completing redundant or administrative tasks, or work that should have been done by a less-skilled practitioner, 'uniform percentage cutbacks are warranted.'" (citation omitted)); *id.* (collecting cases). Finally, the Court deducts a total of 10.5 hours of work performed by Eric Snyder, Jonah Zweig, and Susan Ghim as there is no explanation regarding the identity of these individuals, their level of experience, or their relation to the case. (*See* Dkt. 125-2, at ECF 2, 10, 15.)

Based on the foregoing, the Court awards Plaintiff $416,926.80 in attorneys' fees. *See In re Palermo*, 2011 WL 3874866, at *21 (concluding that a fee award of $341,290 was presumptively reasonable in the context of DCL § 276-a).

**II. Costs**

Plaintiff also seeks reimbursement for $275,281.52 in litigation costs. This encompasses "court costs, deposition transcripts, trial transcripts, expert witness fees and expenses, copying, binding and document production costs, and limited travel expenses incurred in out-of-state depositions." (Lesser Decl. ¶ 24.) Specifically, Plaintiff requests $400 in filing fees, $1,522.59 for serving process and subpoenas, $254,153.09 for expert witness services, $3,850.85 for obtaining deposition transcripts, $1,247.10 for travel related to discovery, $11,626.37 for printing expenses, $2,118.27 for obtaining trial transcripts, and $363.25 in search charges. (*See* Dkt. 125-1.) Lesser represents that these costs "were incurred in connection with Emerson's DCL § 276

---

[5] This minimal reduction reflects the fact that the misappropriate of tasks was not extensive and the fact that, having litigated the earlier cases that resulted in the two judgments, Simon Lesser, and Lesser in particular, was more efficient in pursuing the claims in this case, as to which Plaintiff entirely prevailed.

intentional fraudulent conveyance claim as the foundation of that claim, namely the badges of fraud, were the same foundation for Emerson's alter ego claim, and several of those facts were the predicate for Emerson's DCL § 273-a claim." (Lesser Decl. ¶ 25.) Plaintiff has submitted billing invoices and/or receipts, along with a spreadsheet that provides a brief description of the costs. (*See* Dkt. 125-1.) Defendants do not challenge any of the litigation costs that Plaintiff seeks to recover.

The Court finds that the costs requested are generally reasonable and adequately documented with one exception. Plaintiff has not submitted sufficient information for the Court to determine whether the fees associated with its expert witnesses were reasonable. In determining the reasonableness of an expert witness's fees, courts consider:

> (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographical area; (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26; (7) the fee being charged by the expert to the party who retained him; and (8) fees traditionally charged by the expert on related matters.

*Korabik v. Arcelormittal Plate LLC*, 310 F.R.D. 205, 206 (E.D.N.Y. 2015) (citations omitted). Here, Plaintiff has provided no information about its experts aside from invoices, and as such, the Court cannot weigh these factors to assess the reasonableness of the rates charged. *See Resnik*, 2020 WL 5802362, at *11.[6] Because the reasonableness of the fees is not fully explained, "the Court may exercise its discretion to determine a reasonable fee." *Penberg v. HealthBridge Mgmt.*,

---

[6] To the extent that Plaintiff's experts summarized their experience and expertise at trial, Plaintiff has not included that testimony in support of its fee application, "and the Court is not obligated to hunt for that information in the record." *Resnik*, 2020 WL 5802362, at *11 n.16. This is particularly true where, as here, the Court provided Plaintiff with an opportunity to supplement its documentation of costs and expenses. (*See* 2/20/2024 Docket Order.)

11

No. 08-CV-1534 (CLP), 2011 WL 1100103, at *15 (E.D.N.Y. Mar. 22, 2011) (collecting cases). The Court therefore imposes a reduction of 10% to the fees requested for the work performed by Plaintiff's experts. *See id.* at *15–16 (applying 15% reduction to expert fees due to the moving party's failure to provide proof of reasonableness); *Indep. Project, Inc. v. Ventresca Bros. Constr. Co.*, 397 F. Supp. 3d 482, 501 (S.D.N.Y. 2019) (same).

Based on the foregoing, the Court awards Plaintiff $249,866.21 in costs. *See In re Palermo*, 2011 WL 3874866, at *21–22 (awarding costs and disbursements under DCL § 276-a, while noting that the statute "does not expressly provide for an award of disbursements").

## CONCLUSION

For the reasons contained herein, Plaintiff's motion for attorneys' fees and costs is granted in part. The Court awards $416,926.80 in attorneys' fees and $249,866.21 in costs, for a total of $666,793.01.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 23, 2024
   Brooklyn, New York